# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| MADHAVI ANANTH, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No.: 1:18-cv-570 |
| | ) (TSE/JA) |
| ARLINGTON COUNTY, et al., | ) ) |
| Defendants. | ) |

**DEFENDANT ARLINGTON COUNTY'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS COUNTS VI AND VII OF THE COMPLAINT FILED PURSUANT TO FED R. CIV. P. 12(b)(6)**

COMES NOW the defendant, Arlington County ("Arlington" or "the County"), by counsel, pursuant to Fed. R. Civ. P. 12(b)(6), and for its Memorandum in Support of Motion to Dismiss Counts VI and VII of the Complaint states as follows:

**I.    STATEMENT OF THE CASE:**

This matter arises out of Plaintiff Madhavi Ananth's ("Ananth") claims of violation of rights, discrimination and retaliation, related to her use of paratransit public transportation services allegedly in violation of Title II of the Americans with Disabilities Act, 42 U.S.C. § 12131, *et seq.* (Counts I and II); the Virginians with Disabilities Act., Va. Code § 51.5-44, *et seq.* (Count III); Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, *et seq.* (Counts IV and V), and claims for fraud (Count VI), and conspiracy (Count VII). Plaintiff alleges that she is a disabled Arlington resident who has been "certified eligible for ADA Paratransit Services provided by Metro Access since late 2015 through October of 2022, due to her functional inability to navigate the fixed route system" and she relies upon Specialized Transit for Arlington Resident ("STAR") as her "method of transportation for employment and critical medical appointments." Compl. ¶¶ 18, 23.

Plaintiff alleges that Arlington "operates and manages the Arlington Transit and Specialized Transit for Arlington Residents." Compl. ¶ 2. The County's Department of Environmental Services includes a Transportation Division of which the Transit Bureau is part. Compl. ¶ 8. The Transit Bureau "comprises Arlington Transit ("ART") and the Specialized Transit for Arlington [r]esidents ("STAR") paratransit service." *Id.* In order to provide the paratransit service, Arlington "utilizes certain privately held transportation companies" such as Red Top Cab ("RTC") and Diamond Transportation Service, Inc. ("Diamond") for vehicles and provision of services. Compl. ¶ 25. In general, Plaintiff's claims consist of multiple allegations that she was denied service and treated rudely by drivers, resulting in missed rides, no-shows, and suspension from the service, which caused her additional expense, interruption in work and other travel for which she needed the paratransit service.

In addition to alleging violation of federal rights, Plaintiff claims that "Defendants and/or their employees made numerous misrepresentations and concealed material facts, which were made regarding issues and facts that were present when the material misrepresentations were made;" specifically that "drivers for RTC and Diamond have filed false reports/complaints with STAR" about Plaintiff, and in response STAR suspended her services and threatened to suspend services if there are further complaints from drivers. Compl. ¶¶ 155-57, 165-67. She alleges that "[d]rivers for the Defendants have indicated a collaborative effort to file baseless and false complaints against" her in order to have her paratransit services suspended. Compl. ¶¶ 159, 169.

Arlington moves for dismissal with prejudice of Counts VI and VII on the grounds that Plaintiff has set forth insufficient facts to support any claim for fraud or conspiracy under any theory of law.

### III. LAW AND ARGUMENT:

#### A. <u>Standard of Review</u>

The court, "in deciding a Rule 12(b)(6) motion, must take all well-pleaded material allegations of a complaint as admitted and review them in the light most favorable to the plaintiff." *De Sole v. United States*, 947 F. 2d 1169, 1171 (4th Cir. 1991). "[L]egal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement fail to constitute well-pled facts for Rule 12(b)(6) purposes." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009). Under the standard established by *Ashcroft v. Iqbal*, 556 U.S. 662, 667-68 (2009), compliance with Fed. R. Civ. P. 8(a)(2) requires more than "labels and conclusions," and a complaint must "state a claim to relief that is plausible on its face."

In order to survive a motion to dismiss, the "factual allegations must be enough to raise a right to relief above the speculative level" and have "enough facts to state a claim to relief that is plausible on its face." *Philips v. Pitt Cty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). It is the court's obligation to "determine whether it is plausible that the factual allegations in the complaint are enough to raise a right to relief above the speculative level." *Monroe v. City of Charlottesville,* 579 F.3d 380, 386 (4th Cir. 2009) (quoting *Andrew v. Clark,* 561 F.3d 261, 266 (4th Cir. 2009)) (internal quotation marks omitted).

In *Twombly*, the Court rejected the prior rule set forth in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." The Court stated that *Conley's* "no set of facts" standard had "earned its retirement" and the "phrase is best forgotten as an incomplete negative gloss on an accepted pleading standard." *Twombly*, 550 U.S. at 563. Instead, the *Twombly* court held that Fed. R. Civ. P. 8 requires a greater

showing - a complaint must present enough facts to state an entitlement to relief that is "plausible" on its face. *Id.* at 570.

### B. <u>Failure to State a Claim for Fraud</u>

Plaintiff's claim fails to satisfy the requirements of Fed. R. Civ. P. 9(b) as it is not pled with particularity. To plead fraud, "the plaintiff must state 'the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby.'" *Tidewater Beverage Servs. V. Coca Cola Co.,* 907 F. Supp. 943, 946 (E.D. Va. 1995) (citing Wright & Miller, *Federal Practice and Procedure: Civil 2d* § 1397 at 590. The plaintiff "must identify, with particularity, each individual defendant's culpable conduct; defendants cannot be grouped 'together without specification of which defendant committed which wrong.'" *Arnlund v. Smith,* 210 F. Supp.2d 755, 760 (E.D. Va. 2002). Plaintiff must also "disclose the sources upon which she bases her allegations." *Id.* (citing *Apple v. Prudential-Bache Sec., Inc.,* 820 F. Supp. 984, 987 (W.D. N.C.), aff'd sub. nom. 993 F.2d 228, 1993 WL 138523 (4th Cir. 1993).

Plaintiff's allegations under Count VI are merely conclusory and, contrary to the rule in that all defendants are grouped together. This is critical because, broad terms, plaintiff only references "drivers" as having conspired to have her privileges with STAR suspended and any drivers were employed by Red Top or Diamond, not Arlington. There are no allegations that Arlington personnel conspired with anyone for the purpose of suspending Plaintiff's paratransit privileges. Only that based on the alleged false reports of others which were submitted to Arlington, her privileges were suspended. Not only are the allegations insufficient to support a claim for fraud against anyone, they specifically do not allege fraud against this defendant with any particularity. For these reasons Count VI should be dismissed.

### C. Failure to State a Claim for Conspiracy

Assuming Plaintiff is attempting to assert a personal civil conspiracy claim against Arlington under Virginia law, the allegations are insufficient. In order to state a claim for conspiracy the plaintiff must plead (and ultimately prove) 1) the existence of an agreement between two or more persons; 2) to accomplish an unlawful purpose or to accomplish a lawful purpose by unlawful means; 3) resulting in damage to the plaintiff. *Firestone v. Wiley,* 485 F. Supp.2d 694, 703 (E.D. Va. 2007)(citing *Glass v. Glass,* 228 Va. 39, 47, 321 S.E.2d 69 (1984). A common law claim for conspiracy also requires proof that an underlying tort was committed. *Id.* (citing *Almy v. Grisham,* 273 Va. 68, 80-81, 639 S.E.2d 182 (2007). For the reasons argued herein, Plaintiff has failed to state a claim for fraud against Arlington.

More importantly, the Complaint contains "only conclusory or general allegations of conspiracy, which are insufficient to withstand a motion to dismiss." *Id.* (citing *Bay Tobacco, LLC v. Bell Quality Tobacco Prods., LLC,* 261 F. Supp.2d 483, 499-500 (E.D. Va 2003). The allegations identify no Arlington personnel involved in the conspiracy and, because they are the same allegations asserted in Count VI, clearly involve allegations against "drivers," none of whom is it alleged are employed by Arlington.

Virginia law "requires a plaintiff to allege 'some details of time and place and the alleged effect of the conspiracy." *Id.* at 704 (citations omitted). The allegations in this case contain no details, much less some, of time and place and are merely duplicative of the allegations made under Count VI, which fails for the same reasons–too vague, conclusory only, and not applicable to Arlington. For these reasons, Count VII should be dismissed.

### D. Arlington is Entitled to Sovereign Immunity.

Claims for common law fraud and conspiracy are claims sounding in tort. As a matter of law in Virginia, counties are entitled to absolute sovereign immunity for claims sounding in tort. *Seaboldt v. County of Albermarle,,* 283 Va. 717, 720 (2012)(citing, *Mann v. County Bd. of Arlington County,* 199 Va. 169, 175, 98 S.E.2d 518 (1957) and *Fry v. County of Albermarle,* 86 Va. 195, 197-99, 9 S.E. 2nd 1004 (1890). Nothing contained in Counts VI and VII reveal the claims to be anything other than tort based. Accordingly, they are barred as to Arlington on the grounds of sovereign immunity and should be dismissed. *Id.*

### III. CONCLUSION:

For the foregoing reasons, and for any additional reasons to be argued at hearing of this matter, defendant Arlington County, by counsel, respectfully requests that this court grant the Motion to Dismiss and dismiss with prejudice Counts VI and VII of the Complaint.

**ARLINGTON COUNTY**

By Counsel

/s/
Julia B. Judkins, VSB No. 22597
Heather K. Bardot, VSB No. 37269
Andrew R. Alder, VSB No. 86166
BANCROFT, McGAVIN, HORVATH & JUDKINS
9990 Fairfax Boulevard, Suite 400
Fairfax, Virginia 22030
Telephone: (703) 385-1000
Facsimile: (703) 385-1555
jjudkins@bmhjlaw.com
hbardot@bmhjlaw.com
aalder@bmhjlaw.com
*Counsel for Defendant Arlington County*

    */s/*
MinhChau N. Corr, VSB No. 78877
Deputy County Attorney
Ryan C. Samuel, VSB No. 84400
Assistant County Attorney
Arlington County
One Courthouse Plaza
2100 Clarendon Blvd., Suite 403
Arlington, Virginia 22201
(703) 228-3102 Telephone
(703) 228-7106 Facsimile
mcorr@arlingtonva.us
rsamuel@arlingtonva.us
*Counsel for Defendant Arlington County*

# CERTIFICATE OF SERVICE

    I hereby certify that on May 22, 2018, I electronically filed the foregoing pleading with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) and delivered copies via fax and mail to the following:

    Dirk McClanahan, Esquire, VSB No. 81208
    Zach Miller, Esquire, VSB No. 85860
    McClanahanPowers, PLLC
    8133 Leesburg Pike, Suite 130
    Vienna, VA 22182
    (703) 520-1326 (Telephone)
    (703) 828-0205 (Facsimile)
    dmcclanahan@mcplegal.com
    Zmiller@mcplegal.com
    *Counsel for Plaintiff*

and faxed and mailed copies to:

    Ralph E. Kipp, Esquire
    Law Offices of Ralph E. Kipp, LLC
    10615 Judicial Drive, Suite 501
    Fairfax, VA 22030
    (703) 352-5226 (Facsimile)
    *Registered Agent and Counsel for Defendant Transportation Inc. d/b/a Red Top Cab and Red Top Cab of Arlington*

Nat P. Calamis, VSB No. 90390
CarrMaloney, PC
2020 K Street, N.W.
 Washington, D.C. 20006
(202) 310-5555  (Facsimile)
*Counsel for Diamond Transportation Services, Inc.*

                                       /s/
                             Julia B. Judkins, VSB No. 22597
                             BANCROFT, McGAVIN, HORVATH
                                 & JUDKINS, P.C.
                             9990 Fairfax Boulevard, Suite 400
                             Fairfax, Virginia 22030
                             (703) 385-1000 (Telephone)
                             (703) 385-1555 (Facsimile)
                             jjudkins@bmhjlaw.com
                             *Counsel for Defendant Arlington County*