UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | | |
|---|---|---|
| MADHAVI ANANTH | : | |
| Plaintiff, | : | |
| v. | : | Case No. 1:18-cv-00570 (TSE/JFA) |
| ARLINGTON COUNTY, *et al.* | : | |
| Defendants. | : | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DIAMOND TRANSPORTATION SERVICES, INC.'S MOTION TO DISMISS
COUNTS VI AND VII OF PLAINTIFF'S COMPLAINT**

Defendant Diamond Transportation Services, Inc. ("Diamond"), by counsel, Carr Maloney P.C., submits this Memorandum of Points and Authorities in Support of its Motion to Dismiss Counts VI and VII of Plaintiff's Complaint.

**INTRODUCTION**

Plaintiff has brought suit against Diamond, Arlington County, and Transportation, Inc. d/b/a Red Top Cab and Red Top Cab of Arlington ("Red Top"). Plaintiff is a customer of Arlington County's Specialized Transit for Arlington Residents ("STAR"), a service for "Arlington residents who have difficulty using public fixed route transit due to the effects of age, disability or environmental conditions." ECF No. 1 ¶¶ 8, 12. Plaintiff claims that Defendants discriminated against her on the basis of her disability by failing to provide her with requested accommodations, and the Defendants retaliated against her by complaining about this alleged discrimination. Among the seven counts in Plaintiff's Complaint,[1] she has brought two counts for

---

[1] Diamond has responded to the allegations in the remaining five counts brought against it in its Answer, which it has filed along with this motion.

Fraud and Conspiracy (Counts VI and VII), alleging that Diamond and Red Top's drivers have filed "false reports/complaints" about her with STAR as part of a "collaborative effort" with the other Defendants "to have her services suspended." *Id.* at ¶¶ 156, 159, 166, 169.

The allegations in Plaintiff's Complaint, even when accepted as true, do not support causes of action for fraud and conspiracy against Diamond. As set forth more fully below, Plaintiff's fraud and conspiracy claims rely entirely upon conclusory allegations, without any facts to support them. Plaintiff has not, and cannot, adequately plead causes of action for fraud and conspiracy against Diamond given the facts of this case. Accordingly, Counts VI and VII of Plaintiff's Complaint should be dismissed with prejudice.

## **LEGAL STANDARD**

To state a claim for which relief can be granted, a complaint must "provide the 'grounds' of [the] entitlement to relief'" with factual allegations that are sufficient 'to raise a right to relief above the speculative level.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). This means "[t]he pleading must contain something more than a statement of facts that merely creates a suspension of a legally cognizable right of action." *Id*. at 555 (internal quotations and alternations omitted). Instead, it must plead facts that, when accepted as true, state a claim for relief that is "plausible on its face." *Id*. at 570.

A court need not accept the truth of conclusory statements and legal conclusions set forth in a complaint because "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" under Rule 8. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id*. at 679. A "court need not accept inferences drawn by plaintiffs if such inferences are unsupported by the facts set out in the complaint." *Weill v.*

*Dominion Res., Inc.*, 875 F. Supp. 331, 339 (E.D. Va. 1994) (internal quotations and citations omitted). "Nor must the court accept legal conclusions cast in the form of factual allegations." *Id*.

**ARGUMENT**

**I.    The Court Should Dismiss Count VI of Plaintiff's Complaint.**

Plaintiff has not properly alleged a claim for fraud against Diamond. Federal Rule of Civil Procedure 9(b) requires that the plaintiff meet a "heightened pleading standard" for fraud claims and that the plaintiff plead factual allegations to support such a claim with specificity. *Chistoni v. HSBC Bank USA, N.A.*, No. 1:17-cv-00315. 2017 WL 1963902, at *5 (E.D. Va. May 11, 2017). In order to do so, Plaintiff must sufficiently demonstrate "(1) a false representation, (2) of a material fact, (3) made intentionally and knowingly, (4) with intent to mislead, (5) reliance by the party mislead, and (6) resulting damage to the party misled." *Girgis v. Salient Solutions, Inc.*, No. 1:11-cv-1287, 2012 WL 2792157, at *8 (E.D. Va. July 9, 2012) (citations omitted).

This Court has made clear that claims for fraud must be pled "with particularity the circumstances constituting fraud," to include "the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation." *Id.* (granting the defendant's motion to dismiss for failing to plead the "who, what, when, where, and how" for a claim for fraud); *see also, Eltsefon v. State Farm Mutual Automobile Insurance Co.*, No., 2012 WL 13019065, at *3 (E.D. Va. Feb. 3, 2012) (granting the defendant's motion to dismiss for fraud because "plaintiffs have failed to allege a misrepresentation of material fact, reasonable reliance, or damages").

Here, Plaintiff has not sufficiently alleged several of the requisite elements for showing fraud. First, Plaintiff has not shown that the Defendants' reports regarding her five no-shows were false representations. Although Plaintiff claims that "drivers for [Red Top] and Diamond have

filed false reports/complaints with STAR against Plaintiff," such an allegation is conclusory and is not supported by the facts. ECF No. 1 ¶ 156. The alleged false reports appear to relate to instances in which drivers reported to STAR that Plaintiff did not arrive to the vehicle within ten minutes of her pickup time. *Id.* at ¶¶ 46, 49, 52, 61, 77. Plaintiff does not specifically contend that these drivers left before the ten minutes they were required to wait for her. Further, Plaintiff does not specify the substance of the allegedly false report, the name(s) of the individual(s) to whom the reports were made, and how the individual(s) relied on those statements in making the decision to suspend Plaintiff's riding privileges. Therefore, Plaintiff has not adequately pled the first element as none of the representations made about her being late were false.

Likewise, Plaintiff has not properly alleged that Diamond and Red Top's drivers acted with an intent to mislead. "At minimum, a plaintiff alleging fraud must describe the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *Girgis*, 2012 WL 2792157, at *8 (quotation marks omitted). Here, Plaintiff has not alleged what the Defendants "obtained" from making allegedly false complaints. Although Plaintiff claims that the "misrepresentations were made…with the intent to damage Plaintiff," such an allegation is not only conclusory, but lacks the specificity required under the heightened pleading standard. ECF No. 1 ¶ 169. Accordingly, Plaintiff fails to allege the necessary intent element and Plaintiff's claim for fraud should be dismissed.

For these reasons, the Court should grant Diamond's motion and dismiss Plaintiff's claim for fraud.

## II. The Court Should Dismiss Count VII of Plaintiff's Complaint.

Likewise, Plaintiff has failed to adequately plead a claim for conspiracy as she has not alleged any facts to support an agreement among the Defendants to have her riding services suspended.

"A civil conspiracy requires an object to be accomplished, a meeting of minds on the object or course of action, one or more overt acts, and damages as the proximate result thereof." *Feeley v. Total Realty Management*, 660 F.Supp.2d 700, 711 (E.D. Va. 2009). Like with fraud claims, claims for civil conspiracy are also reviewed at a heightened pleading standard. *Id.* "[M]ere conclusory language" is insufficient to state a cause of action for civil conspiracy under Virginia law. *Lewis v. Gupta*, 54 F.Supp.2d 611, 618 (E.D. Va. 1999). "[R]ather, plaintiff must present facts supporting the allegation of conspiracy…indicating that there was a combination, agreement, or understanding among all or between any of the defendants." *Manship v. Trodden*, No. 1:07CV772, 2007 WL 3143559, at *3 (E.D. Va. Oct. 22, 2007).

In this case, Plaintiff's conspiracy claim hinges on the conclusory allegation that the Defendants engaged in a "collaborative effort" with the other Defendants "to have her services suspended." *Id.* at ¶¶ 169. However, Plaintiff does not provide any facts to show how the Defendants engaged in a collaborative effort. Diamond and Red Top are distinct entities who both provide services for STAR. Although both reported when Plaintiff did not show for her pick-up, there are no facts as to how the two defendants collaborated with each other since they both reported directly to STAR. Further, there are no allegations to support that Diamond and Arlington County collaborated to have Plaintiff's services suspended because Diamond's drivers only reported instances when Plaintiff arrived over ten minutes late to the pick-up time she selected, as they are required to do. Thus, Plaintiff has not alleged facts showing an agreement between the

Defendants or what their reasoning is for wanting to have Plaintiff's services suspended. Accordingly, Plaintiff has not properly alleged a claim for conspiracy and it should be dismissed.

## CONCLUSION

For the foregoing reasons, Diamond respectfully requests that this Court grant its Motion to Dismiss and dismiss Counts VI and VII of Plaintiff's Complaint with prejudice.

Respectfully submitted,

DIAMOND TRANSPORTATION SERVICES, INC.

CARR MALONEY P.C.

/s/ Nat P. Calamis
Nat P. Calamis, VSB #90390
Joseph B. Greener, VSB #90758
2020 K Street, N.W.
Suite 850
Washington, D.C. 20006
(202) 310-5500 (phone)
(202) 310-5555 (fax)
npc@carrmaloney.com
jg@carrmaloney.com

**CERTIFICATE OF SERVICE**

       I HEREBY CERTIFY that a copy of the foregoing *Memorandum of Points and Authorities in Support of Defendant's Motion to Dismiss Counts VI and VII of Plaintiff's Complaint* was filed and served electronically via ECF, on this 22nd day of May, 2018, to:

        Dirk Harris McClanahan
        McClanahan Powers PLLC
        8133 Leesburg Pike
        Suite 130
        Vienna, VA 22182
        dmcclanahan@mcplegal.com
        *Counsel for Plaintiff*

        Julia Bougie Judkins
        Andrew Rulon Alder
        Heather Kathleen Bardot
        Bancroft McGavin Horvath & Judkins PC
        9990 Fairfax Blvd.
        Suite 400
        Fairfax, VA 22030
        jjudkins@bmhjlaw.com
        aalder@bmhjlaw.com
        hbardot@bmhjlaw.com
        *Counsel for Defendant Arlington County*

                      */s/ Nat P. Calamis*
                      Nat P. Calamis