**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
Alexandria Division

| | | |
|---|---|---|
| MADHAVI ANANTH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: 1:18-cv-570 |
| | ) | (TSE/JFA) |
| ARLINGTON COUNTY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## PROPOSED JOINT DISCOVERY PLAN

COME NOW the parties hereto, by their respective counsel, pursuant to this court's order of May 23, 2018, and having telephonically conferred on June 4, 2018 regarding the topics set forth in Fed. R. Civ. P. 26(f), hereby propose the following plan for completion of discovery in this matter:

1.      The parties have conferred to consider claims, defenses, possibilities of a prompt settlement, and a trial before a magistrate judge as required by Rule 26.

2.      The parties do not consent to proceed before a United States Magistrate Judge.

3.      The parties understand and agree that discovery may be needed on the following subjects: (a) the facts and allegations underlying the causes of action described in the pleadings, (b) the defenses and denials asserted in the pleadings; and (c) damages and other relief sought; and that (d)  the discovery does not need to be done in phases.

4.      The parties have agreed that each party may serve discovery requests and discovery responses upon the other parties by electronic mail (as opposed to United States Mail), and the 3 day rule for mailing shall be added for the response deadline.

5.      The parties at this time do not anticipate the need to take more than 5 non-party, non-expert witness depositions.  The parties further state that each party will not need to serve more than 30 interrogatories per party, including parts and sub-parts.  The parties propose that should any party believe that additional depositions or interrogatories may be necessary, the parties will confer and endeavor to reach an agreement with regard to any additional such discovery.  If the parties cannot agree on such an issue any party may ask that the issue be decided by the court. This does not preclude the parties from conducting discovery under Fed. R. Civ. P. 45 via subpoena, or any other discovery permitted under the Federal Rules of Civil Procedure.

6.      The parties propose that they agree to exchange the initial disclosures required by Fed. R. Civ. P. 26(a)(1) on or before **June 15, 2018**.

7.      The parties propose the following schedule with regard to identification of any expert witnesses under Fed. R. Civ. P. 26(a)(2):

a.   the plaintiff shall identify expert witnesses and provide required reports by such witnesses on or before **July 2, 2018**;

b.   the defendant shall identify expert witnesses and provide required reports by such witnesses on or before **August 14, 2018**;

c.   the plaintiff shall identify a rebuttal expert, if any, and provide the required reports by such a witness on or before **August 30, 2018;** and

d.   The parties will consult to ensure that each party has a fair opportunity to timely depose another party's expert witness.

8.      The parties propose that all discovery must be completed by **September 14, 2018** in accordance with the order entered herein on May 23, 2018 (ECF No. 16).  The parties also propose that all discovery requests must be served so that responses are timely due on or before

**September 14, 2018**.  Any motion to compel discovery must be filed on or before **September 21, 2018**.

9.      Electronic discovery material shall be produced in the native file format, such as jpeg (photo), mp4 (video), pst (email) or searchable pdf format for emails, or other original file format, or in the file format in which it is maintained.   The parties will confer and endeavor to reach agreement with regard to any disputes as to the electronic discovery.

10.      Each party shall produce a privilege log of materials deemed privileged or protected by the work-product doctrine, as required by the Federal Rules of Civil Procedure, including Rule 26(b)(5).  Privileged communications between parties and their counsel in this matter do not need to be produced or identified in the privilege log.  In the event of an inadvertent disclosure, the parties agree to resolve privilege issues as set forth in Fed. R. Civ. P. 26(b)(5)(B).

11.      The parties propose that any dispositive motions must be filed no later than **September 25, 2018** per the already entered order.

12.      The parties request that they not be required to appear for a Rule 16(b) Conference.

Respectfully submitted on the 6th day of June, 2018.


_____/s/_____
Martin Schubert, VSB No. 80904
Julia B. Judkins, VSB No. 22597
BANCROFT, McGAVIN, HORVATH & JUDKINS
9990 Fairfax Boulevard, Suite 400
Fairfax, Virginia 22030
Telephone:     (703) 385-1000
Facsimile:      (703) 385-1555
jjudkins@bmhjlaw.com
mschubert@bmhjlaw.com
*Counsel for Defendant*

_____/s/_____
Ryan C. Samuel, VSB No. 84400
Assistant County Attorney
MinhChau N. Corr, VSB No. 78877
Deputy County Attorney
Arlington County
One Courthouse Plaza
2100 Clarendon Blvd., Suite 403
Arlington, Virginia 22201
(703) 228-3102 Telephone
(703) 228-7106 Facsimile
mcorr@arlingtonva.us
rsamuel@arlingtonva.us
*Counsel for Defendant Arlington County*


_____/s/_____
Dirk McClanahan, Esquire, VSB No. 81208
Zach Miller, Esquire, VSB No. 85860
McClanahanPowers, PLLC
8133 Leesburg Pike, Suite 130
Vienna, VA 22182
(703) 520-1326 (Telephone)
(703) 828-0205 (Facsimile)
dmcclanahan@mcplegal.com
Zmiller@mcplegal.com
*Counsel for Plaintiff*


_____/s/_____
Nat P. Calamis, VSB No. 90390
CarrMaloney, PC
2020 K Street, N.W.
 Washington, D.C. 20006
(202) 310-5555  (Facsimile)
npc@carrmaloney.com
*Counsel for Diamond Transportation Services, Inc*

_____/s/_____
R. Mark Dare, VSB No.
IslerDare
1945 Old Gallows Road, Suite 650
Tysons Corner
Vienna, Virginia 22182
(703) 748-2690 (Telephone)
(703) 748 2695 (fax)
mdare@islerdare.com
*Counsel for Transportation Inc. d/b/a Red Top
Cab and Red Top Cab of Arlington*