**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA**
Alexandria Division

| | |
|---|---|
| MADHAVI ANANTH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No.: 1:18-cv-570 |
| | ) (TSE/JFA) |
| ARLINGTON COUNTY, et al., | ) |
| | ) |
| Defendants. | ) |

## ANSWER TO AMENDED COMPLAINT

COMES NOW the defendant, Arlington County ("Arlington" or "the County"), by counsel, and for its Answer to the Amended Complaint, states as follows:

## FIRST DEFENSE

Defendant responds to the individually numbered paragraphs in Counts I through V of the Complaint as follows:

1. Defendant admits the allegations set forth in paragraphs 1, 6, 7, 11, 173 except as to STAR to the extent implicated, and 194-195, of the Complaint.

2. Defendant denies the allegations as pled and set forth in paragraphs 5, 26, 28 (except that she enrolled in STAR, which is admitted), 32-34, 36-38, 41-47, 50-61, 63-76, 78-123, 130-131, 134-141, 144, 146, 148-151, 156-161, 166-168, 176-179, 182-185, and 188-193 of the Complaint.

3. Defendant is without full and complete information to either admit or deny all of the allegations set forth in paragraphs 3-4, 22-24, 35, 39-40, 48-49, 62, 77, 170-171 of the Complaint and demands strict proof thereof.

4. With regard to paragraphs 2, 10 and 29 of the Complaint, defendant admits only

that it is a county in the Commonwealth of Virginia, a public entity, which operates, through independent contractors, the Arlington Transit and Specialized Transit for Arlington Residents, including Red Top Cab ("RTC") and Diamond.

5. With regard to paragraph 8 of the Complaint, defendant admits only that the identified county department includes the Transit Bureau, which includes Arlington Transit ("ART") and the Specialized Transit for Arlington Residents ("STAR") paratransit service and that information related to the Department of Environmental Services, the Transit Bureau, ART and STAR are a matter of public record.

6. With regard to paragraph 9 of the Complaint, defendant admits only that the Transit Advisory Committee ("TAC") advise the County Manager and staff on the implementation of the transit element of the Master Transportation Plan and on issues related to transit in Arlington, including Metrorail, Metrobus, Virginia Railway Express ("VRE"), ART and STAR. Information about TAC is a matter of public record.

7. With regard to paragraphs 12-20, of the Complaint, defendant admits only that STAR is the paratransit component of ART. ART provides public fixed route bus services in Arlington County. STAR serves Arlington residents who have difficulty using public fixed route transit due to the effects of age or disability. STAR is a shared ride paratransit service intended to provide a comparable level of transportation as provided by ART, Metrobus and Metrorail. STAR riders share trips if they are generally traveling in the same direction at the same time. Trips are scheduled, with few exceptions, without regard to the purpose of the trip. All rides are arranged in advance through the STAR Call Center, or through STAR on the Web or STAR IVR. STAR riders must preplan activities and schedule STAR trips in advance as

2

same day service is generally not available. Assistance in and out of vehicles and with packages is dependent on accommodation necessities. All of this is a matter of public record.

8. With regard to paragraphs 21, 30-31, 127-129, 132-133, 142-143, 145, 147, 153-155, 163-165, 174-175, 180-181, and 187 of the Complaint, defendant admits only that the provisions of any applicable law, any duties and/or responsibilities imposed by law, any rights under applicable laws, are as set forth in the applicable code provisions and/or regulations which are the best evidence of and reference to what rights the plaintiff may have and what is required of the defendant in the provision of paratransit services. Any other inferences or deductions to be derived therefrom are denied.

9. With regard to paragraphs 25, 27, 125-126, and 172 of the Complaint, defendant admits only that in December 2015 it had information that plaintiff was a certified member of Metro Access.

10. With regard to introductory incorporation provisions of paragraphs 124, 152, 162, 169, and 186, of Counts I through V defendant incorporates herein by reference all responses set forth above.

11. With regard to the allegations contained in Count VIII, those allegations are not directed at this defendant in any regard and therefore no response is required. To the extent a response is required, the allegations are denied in paragraphs 196-216, as they are inapplicable to this party.

12. Any allegation or claim not otherwise addressed herein above is denied.

**SECOND DEFENSE**

The Complaint fails to state a claim or cause of action for which relief may be granted for

discrimination or retaliation on any basis in violation of federally or state protected rights including, but not limited to, those claimed under the Americans with Disabilities Act, Virginians with Disabilities Act or Section 504 of the Rehabilitation Act.

### THIRD DEFENSE

Defendant denies that the plaintiff suffered any violation of federally or state protected rights. Defendant denies that plaintiff was injured or damaged in the manner or to the extent alleged, denies that it is indebted to the plaintiff under any theory of law, and states that plaintiff has filed to mitigate damages.

### FOURTH DEFENSE

Defendant states that plaintiff's conduct and actions were unreasonable, any damages self-inflicted, and to the extent plaintiff is alleging any negligence by the defendant and/or its employees or agents, she was contributorily negligent. Further, plaintiff's demands and request for relief in this case create undue hardship for the defendant and sought fundamental changes to the operation of the STAR system. Plaintiff failed to abide by and comply with the published provisions of the STAR Rider Guide. Her interpersonal conflicts with, and behavior toward, drivers and other passengers created a safety risk and caused others emotional distress, inconvenience and loss of services.

### FIFTH DEFENSE

Defendant states that any and all actions taken concerning the plaintiff were wholly based on legitimate non-discriminatory and non-retaliatory reasons and were all justifiable business reason consistent with applicable law.

**SIXTH DEFENSE**

Plaintiff failed to mitigate her damages and continues to fail to mitigate her damages.

**SEVENTH DEFENSE**

Plaintiff has failed to provide the required notice pursuant to Va. Code 51.5-46(B).

**EIGHTH DEFENSE**

Plaintiff's claims are barred by the statute of limitations.

**NINTH DEFENSE**

Defendant reserves the right to rely upon any and all additional defenses which may become known throughout discovery and through evidence presented at trial without waiver

                                        **ARLINGTON COUNTY**
                                        By Counsel

/s/
Julia B. Judkins, VSB No. 22597
Martin Schubert, VSB No. 80904
BANCROFT, McGAVIN, HORVATH & JUDKINS
9990 Fairfax Boulevard, Suite 400
Fairfax, Virginia 22030
Telephone:    (703) 385-1000
Facsimile:    (703) 385-1555
jjudkins@bmhjlaw.com
jjudkins@bmhjlaw.com
mschubert@bmhjlaw.com
*Counsel for Defendant*

/s/
Ryan C. Samuel, VSB No. 84400
Assistant County Attorney
MinhChau N. Corr, VSB No. 78877
Deputy County Attorney
Arlington County
One Courthouse Plaza
2100 Clarendon Blvd., Suite 403

Arlington, Virginia 22201
(703) 228-3102 Telephone
(703) 228-7106 Facsimile
mcom@arlingtonva.us
rsamuel@arlingtonva.us
*Counsel for Defendant Arlington County*

## CERTIFICATE OF SERVICE

      I hereby certify that on July 17, 2018, I electronically filed the foregoing pleading with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) and delivered copies via fax and mail to the following:

>Dirk McClanahan, Esquire
>Zach Miller, Esquire
>McClanahanPowers, PLLC
>8133 Leesburg Pike, Suite 130
>Vienna, VA 22182
>(703) 520-1326 (Telephone)
>(703) 828-0205 (Facsimile)
>dmcclanahan@mcplegal.com
>Zmiller@mcplegal.com
>*Counsel for Plaintiff*
>
>Nat P. Calamis, Esquire
>CarrMaloney, PC
>2020 K Street, N.W.
> Washington, D.C. 20006
>(202) 310-5555   (Facsimile)
>npc@carrmaloney.com
>*Counsel for Diamond Transportation Services, Inc.*
>
>R. Mark Dare, Esquire
>IslerDare
>1945 Old Gallows Road, Suite 650
>Vienna, VA 22182
>mdare@islerdare.com
>*Counsel for* Transportation Inc.*, d/b/a Red Top Cab and Red Top Cab of Arlington*

          /s/
          Martin Schubert, VSB 80904

BANCROFT, McGAVIN, HORVATH
   & JUDKINS, P.C.
9990 Fairfax Boulevard, Suite 400
Fairfax, Virginia 22030
(703) 385-1000 (Telephone)
(703) 385-1555 (Facsimile)
mschubert@bmhjlaw.com
*Counsel for Defendant Arlington County*